IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES CHAVEZ,

        Plaintiff,

vs.                                      Civ. No.  10-205 JCH/ACT

JOHN STOMP, Individually and
in his Official Capacity as an employee
and supervisor of Albuquerque Bernalillo
County Water Utility Authority, and the
ALBUQUERQUE BERNALILLO COUNTY
WATER UTILITY AUTHORITY,

        Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on a *Motion for Partial Summary Judgment on Count III of the Complaint* [Doc. 30], filed on May 25, 2011, by Defendant Albuquerque Bernalillo County Water Utility Authority ("the Water Authority") and Defendant John Stomp in his official capacity.  The Court, having considered the motion, briefs, exhibits, and relevant law, and being otherwise fully informed, finds that Defendants' motion is well-taken and should be GRANTED.

## BACKGROUND

This case arises out of Plaintiffs contention that he has been subjected to racial and religious discrimination at the hands of Defendants John Stomp and the Water Authority, in violation of Title VII and 42 U.S.C. § 1983.  As alleged in his Amended Complaint [Doc. 14], at all times material to this case, Plaintiff, a Hispanic male, worked as an engineer for the Water Authority under the supervision of Defendant Stomp.  Plaintiff claims that Defendant Stomp is a

devout Christian who often attempted to discuss his religious convictions with Plaintiff and others in the workplace and who, at times, attempted to get Plaintiff to attend his church. Plaintiff contends that he has been passed over for promotion numerous times in favor of non-minority applicants who were less qualified than he was, and that his resistance to Defendant Stomp's proselytizing caused him to be treated unfavorably in the promotion process. Count I of Plaintiff's Amended Complaint states a claim under Title VII for racial discrimination as a result of Defendants' alleged systematic discriminatory promotion policies. Count II of the Amended Complaint also states a claim under Title VII for religious discrimination based on an alleged refusal to promote him because of his religious convictions (or lack thereof). Count III states a claim under Section 1983 against Defendant Stomp for allegedly using his position with the Water Authority to impose his religious beliefs on Plaintiff by refusing to promote him in retaliation for spurning his religious advances.

In this motion, Defendants seek summary judgment only with respect to Count III, and even then only to the extent that Count III seeks to state a claim against the Water Authority or against Defendant Stomp in his official capacity. Although Count III does not name the Water Authority and fails to specify whether it is naming Defendant Stomp in official capacity, Plaintiff's response to Defendants' motion indicates his intention to encompass the Water Authority and Defendant Stomp in his official capacity in his Section 1983 religious discrimination claim. *See* Pl. Resp. to Deft. MSJ [Doc. 37] at 5-7.

## **LEGAL STANDARD**

Summary judgment is appropriate when the evidentiary record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The evidence, and all reasonable inferences derived therefrom,

must be viewed in the light most favorable to the non-moving party.  *See Kidd v. Taos Ski Valley*, 88 F.3d 848, 851 (10th Cir. 1996).

## DISCUSSION

To recover under § 1983, a plaintiff must establish "the violation of a right secured by the Constitution and laws of the United States" and must also "show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Actions under § 1983 may be brought against individuals in both their individual and their official capacities.  A suit brought against a person in his official capacity under § 1983 is considered an action against the entity of which the officer is an agent, provided that the entity has received notice and an opportunity to respond.  *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985).  Suits against municipalities or political subdivisions of a state, such as the Water Authority,[1] are also authorized under § 1983.  *Myers v. Oklahoma County Bd. of County Comm'rs*, 151 F.3d 1313, 1316 (10th Cir. 1998).  A § 1983 suit against a municipal officer acting in his official capacity is legally the same as a suit against a municipality or political subdivision.  *Brandon v. Holt*, 469 U.S. 464, 471-72 (1985).

Municipal entities such as the Water Authority, and individuals employed by such entities acting in their official capacities, are only subject to § 1983 claims alleging that the implementation of the entity's official policy or custom resulted in a violation of the plaintiff's Constitutional rights.  *See Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694 (1978) ("a local government may not be sued under § 1983 for an injury inflicted solely by its employees or

---

[1] The parties do not dispute that the Water Authority is a municipality or political subdivision of the State of New Mexico.  *See* Amended Complaint [Doc. 14] at 2 ¶ 4; Deft. MSJ [Doc. 30] at 2 ¶ 1.

agents.  Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."); *Dodds v. Richardson*, 614 F.3d 1185, 1202 (10th Cir. 2010) ("*Monell* and its progeny clearly stand for the proposition that the very language of § 1983 provides for the imposition of liability where there exists an 'affirmative' or 'direct causal' link between a municipal person's adoption or implementation of a policy and a deprivation of federally protected rights, and that imposing liability upon such a basis does not implicate *respondeat superior*."); *Jantzen v. Hawkins*, 188 F.3d 1247, 1259 (10th Cir. 1999) ("for a local government unit such as the Board to be liable for violating § 1983, that unit's allegedly unconstitutional act (or the act of the defendant in his or her official capacity) must execute a government's policy or custom.") (internal quotation marks omitted).

  Plaintiff's § 1983 claim is based solely on Defendant Stomp's alleged attempts to impose his religious beliefs on Plaintiff.  His claim does not identify any official policy of the Water Authority whose implementation by Defendant Stomp led to a violation of Plaintiff's right to freely practice his religion or to choose not to adhere to any religion.  Plaintiff contends that Defendants' assertion that he failed to identify a discriminatory policy of the Water Authority "is subject to factual dispute" because Plaintiff "was subjected to at least an informal, and possibly a formal, policy and custom resulting in discrimination against him."  Pl. Resp. to Deft. MSJ [Doc. 37] at 7.  Plaintiff then proceeds to list a number of alleged facts, derived from Plaintiff's deposition and his own Affidavit, that relate to his failure to be promoted.  *Id*. at 7-9.  Tellingly, however, none of these facts attempt to tie his failure to be promoted to an alleged policy or custom of religious discrimination.  In fact, the facts put forth in an effort to avoid summary judgment on Plaintiff's religious discrimination claim are relevant only to his claim of racial

discrimination, which is not at issue in this motion. For instance, several of Plaintiff's facts refer to the number of non-Hispanics promoted, but do not contain any facts related to the religion of anyone promoted or denied a promotion or any indication that promotion decisions were based in part on religion. *See id.* at 8-9 ¶¶ 7, 9, 10. In short, Plaintiff has failed to provide any evidence on which a finder of fact could reasonably conclude that the Water Authority has a custom or practice of discriminating based on religion. Thus, summary judgment must be granted for Defendants on Count III to the extent that it attempts to state a claim against the Water Authority or against Defendant Stomp in his official capacity. Count III still stands against Defendant Stomp in his individual capacity.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants' *Motion for Partial Summary Judgment on Count III of the Complaint* [Doc. 30] is GRANTED.

_____
UNITED STATES DISTRICT JUDGE