JAMES CHAVEZ,

                    **Plaintiff,**

**vs.**                                                      **No. CIV 10-205 JCH/ACT**

JOHN STOMP, Individually and
in his Official Capacity as an employee
and supervisor of CITY OF ALBUQUERQUE
WATER UTILITY AUTHORITY, and the
CITY OF ALBUQUERQUE, a municipality,

                    **Defendants.**

### MOTION FOR ATTORNEYS' FEES AND MEMORANDUM IN SUPPORT OF

### MOTION FOR ATTORNEYS FEES

**PLAINTIFF, JAMES CHAVEZ,** by and through his attorney, Santiago E. Juarez, Esq.,

moves for an order awarding to Plaintiff his reasonable attorneys' fees in the above-captioned

matter.

This Motion is made pursuant to Rule 54 of the Federal Rules of Civil Procedure which

states in relevant part, "By motion to be filed, Plaintiff's counsel will be awarded reasonable

attorney's fees for his services on this case."

This request for the award of attorney's fees is based upon the information contained in

this Motion and the Memorandum in Support of this Motion, the Affidavit of Santiago E. Juarez,

the records and files in this action, and such oral or documentary evidence and memoranda as

may be presented at or before any hearing on the Motion.

"The most useful starting point for determining the amount of a reasonable fee is the

number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."

*Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).  The multiplication of the reasonable number of

hours expended by the reasonable hourly rate is referred to as the "lodestar" method. *See Robinson v. City of Edmond,* 160 F.3d 1275, 1281 (10th Cir. 1998). See *Ellis v. University of Kansas Med. Ctr.,* 163 F.3d 1186, 1202 (10th Cir. 1998) and *Case v. Unified Sch. Dist. No. 233,* 157 F.3d 1243, 1249 (10th Cir. 1998). The burden of proof is on the fee applicant. See *Ellis,* 163 F.3d at 1202.

## A. Allowable Hours

Allowable hours are those charges for specific tasks that are properly chargeable and reasonably expended. See *Case,* 157 F.3d at 1250. Not all hours expended in litigation are usually billed to the client – rather attorneys exercise "billing judgment." See *Ellis,* 173 F.3d 1202; *Case,* 157 F.3d at 1250. The same must be done with a fee application. See *Ramos v. Lamm,* 713 F.2d 546, 553-54 (10th Cir. 1983). The fee applicant "should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary…" *Ellis,* 163 F.3d at 1202 (internal quotations omitted). The Court also has an obligation to exclude from the lodestar calculation hours not "reasonably expended." See *id.*; see also *Carter v. Sedgwick County, Kansas,* 36 F.3d 952, 956 (10th Cir. 1994) (court may exclude hours that were unnecessary, irrelevant, or duplicative).

## B. Hourly Rate

The next step after determining the number of hours reasonable expended is to determine a reasonable hourly rate. The attorney's billing rate, while relevant, is not conclusive. See *Ellis,* 163 F.3d at 1203. What is determinative is the reasonableness of the rate, as defined by market rates in the relevant community. See *id.* The requested rate must be "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill,

experience, and reputation." *Id.* The same considerations apply to the determination of reasonable billing rates for legal assistants or paralegals. See *Case*, 157 F.3d at 1249.

The following are examples of District of New Mexico cases where attorney fees were deemed to be at a reasonable and customary rate in the community for civil rights cases:

1) Kelly v. City of Albuquerque CV 03-507 **Judge Browning**
   April 3, 2006 - $250.00 lead counsel; $200.00 co-chair;

2) Lewis et al. v. NMDOH CV 99-0021 **Judge Vasquez**
   January 5, 2005 - $250.00 lead; $200.00 co-chair;

3) Olinger v. ADECCO Employment CV 01-1403 **Judge Hansen**
   December 1, 2003 - $190.00 lead;

4) Hitson et al v. First Savings Bank CV 01-966 **Judge Smith**
   January 13, 2003 - $200.00 lead; $180.00 co-chair; $75.00 paralegal;

5) Cochran v. Banyan Inc., CV 01-358 **Judge Parker**
   March 7, 2002 - $225.00 lead; $200.00 co-chair; $150.00 associate.

### C. Plaintiff's Attorney's Hours Billed and Hourly Rate are Reasonable

As documented in the concurrently filed affidavit of Santiago E. Juarez, Esq. (**Exhibit A – Affidavit**), the time spent by Plaintiff's counsel and staff related to bringing and winning Plaintiff's Case before a Jury for Trial, as well as preparing and drafting Plaintiff's Motion and Memorandum in Support of the Motion for Attorneys' Fees, supports an award to Plaintiff of $58,436.00. (**Exhibit B – Excel Spreadsheets**)

The breakdown of the hours billed by attorney Santiago E. Juarez, Esq., is as follows: 214.3 hours were spent preparing Plaintiff's Case; 42 hours were spent in court for Jury Trial and other hearings and two (2) settlement conferences; 1.0 hours were spent preparing the affidavit of Santiago E. Juarez for purposes of this Motion. The $225.00 per hour rate for Santiago E. Juarez is reasonable in comparison to the hourly rate charged by other law firms doing similar

work in Albuquerque, New Mexico.  Plaintiff respectfully requests attorney's fees for the time

billed above by Santiago E. Juarez, Esq., in the amount of $58,661.00.

WHEREFORE, the Plaintiff prays that his Motion for Attorney's Fees be granted.

Respectfully Submitted,

*/s/ Santiago E. Juarez*
Santiago E. Juarez
Attorney for Plaintiff James Chavez
1822 Lomas Blvd, NW
Albuquerque, NM 87104
(505) 246-8499
(505) 246-8599 facsimile

I hereby certify that a true and correct of the
foregoing was filed and sent to opposing
counsel of record electronically via the Court's
electronic filing system on January 8th, 2012.

By:      */s/ Santiago E. Juarez*
         Santiago E. Juarez, Esq.