UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES CHAVEZ,

        Plaintiff,

v.                                                                              No. CV 10-0205 JCH/ACT

JOHN STOMP, Individually and
in his Official Capacity as an employee
and supervisor of Albuquerque Bernalillo
County Water Utility Authority, and the
ALBUQUERQUE BERNALILLO COUNTY
WATER UTILITY AUTHORITY,

        Defendants.

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

COME NOW the Albuquerque Bernalillo County Water Utility Authority and John Stomp, by and through their attorneys, Stelzner, Winter, Warburton, Flores, Sanchez & Dawes, P.A., and for their Response to Plaintiff's Motion for Attorneys' Fees state:

**I.    INTRODUCTION**

Plaintiff seeks in his motion to recover attorney's fees under 42 U.S.C. § 1988. Defendants do not dispute that the Court has discretion to award Plaintiff attorney's fees associated with his successful § 1983 claim. But the amount of attorney's fees requested by Plaintiff is not reasonable.

Plaintiff seeks to recover all fees associated with the litigation of this matter. However, Plaintiff is not entitled to recover fees related to his unsuccessful Title VII claims. Moreover, the hourly rate requested by Plaintiff is high. Accordingly, as discussed below, the Court should deny Plaintiff's motion, or in the alternative, award fees based on a reduced hourly rate for the time attributable only to the successful § 1983 claim.

## II. ARGUMENT

### a. Applicable Standard

42 U.S.C. § 1988 provides that, "[i]n any action or proceeding to enforce a provision of section[] . . . 1983 . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs. . . ." 42 U.S.C. § 1988(b). "This language indicates that there are two elements in deciding whether to award attorney's fees. First, the party seeking fees must qualify as a 'prevailing party.' Second, the fee itself must be "reasonable.'" *Phelps v. Hamilton*, 120 F.3d 1126, 1129 (10th Cir. 1997).

To be considered a prevailing party, "the plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant." *Farrar v. Hobby*, 506 U.S. 103, 111 (1992). As for the reasonableness of a fee, "the district court has discretion in determining the amount of a fee award." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* at 433. But "[t]here remain other considerations that may lead the district court to adjust the fee upward or downward, including the important factor of the 'results obtained.'" *Id.* at 434; *Farrar*, 506 U.S. at 114 ("Once civil rights litigation materially alters the legal relationship between the parties, the degree of the plaintiff's overall success goes to the reasonableness of a fee award . . . . Indeed, the most critical factor in determining the reasonableness of a fee award is the degree of success obtained.") (internal quotation marks omitted).

Of particular significance here, if "a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." *Hensley*, 461 U.S. at 436. "In some cases a plaintiff may present

in one lawsuit distinctly different claims for relief that are based on different facts and legal theories. In such a suit, even where the claims are brought against the same defendants . . . counsel's work on one claim will be unrelated to his work on another claim." *Id.* at 434-35. "[W]ork on an unsuccessful claim cannot be deemed to have been expended in pursuit of the ultimate result achieved. The congressional intent to limit awards to prevailing parties requires that these unrelated claims be treated as if they had been raised in separate lawsuits, and therefore no fee may be awarded for services on the unsuccessful claim." *Id.* at 435 (internal citation omitted). Thus, "[w]here the plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee." *Hensley*, 461 U.S. at 440.

    **b. The Number Of Hours Used To Calculate Plaintiff's Requested Fees Is Not Reasonable.**

Plaintiff's request for attorney's fees is based on the application of an hourly rate to the hours expended by his attorney during the course of this action. Although this is the proper starting point for the fees analysis, Plaintiff's lodestar figure is unreasonably high here.

Plaintiff only achieved limited success in this proceeding, but seeks to recover all fees incurred in connection with this litigation. *See Hensley*, 461 U.S. at 436. While Plaintiff was successful in his § 1983 claim for religious retaliation against Mr. Stomp, Plaintiff was unsuccessful on his racial-discrimination claim against Mr. Stomp and his claims under Title VII for racial and religious discrimination against the Water Authority. *See* Amended Complaint, Doc. No. 14. Although Plaintiff could reasonably claim that there was a significant overlap in time spent on his unsuccessful Title VII religious-discrimination and his successful §1983 religious-retaliation claim, that is not true with respect to Plaintiff's racial discrimination claim.

3

Plaintiff therefore bears the burden of separating out fees attributable to this § 1983 claim for fees attributable to his Title VII race-discrimination claim. *See Hensley*, 461 U.S. at 437 ("The applicant should exercise 'billing judgment' with respect to hours worked, and should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims.") (internal citation omitted); *see also Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1201 (10th Cir. 1986) ("the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates"). Yet, Plaintiff makes no effort to separate time spent on the racial discrimination claim from time spent on the §1983 claim. Having failed to even attempt to separate time attributable to the § 1983 claim from time spent on the rest of the case, Plaintiff has failed to satisfy his burden of proving that his requested fees are reasonable. *See Hensley*, 461 U.S. at 440 ("Where the plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee.").

The Court should therefore deny Plaintiffs' motion for attorneys' fees. *See, e.g. Jackson v. Diversified Collection Services, Inc.*, 2012 U.S. App. Lexis 12392 (10th Cir. 2012) ("Because DCS failed to comply with the district court's order to identify the fees and costs incurred after entry of the pretrial order to defend against the claims withdrawn and dismissed, we find no abuse of discretion in the district court's denial of DCS's *§ 1927* fee request."); *Vocca v. Playboy Hotel of Chicago, Inc.,* 686 F.2d 605, 607 (7th Cir. 1982) ("[D]enial [of attorneys' fees] is an entirely appropriate, and hopefully effective, means of encouraging counsel to maintain adequate records and submit reasonable, carefully calculated, and conscientiously measured claims.") (internal quotation marks omitted)).

4

In the alternative, the Court should reduce the hours forming the basis of Plaintiffs' request for fees by 50% to reflect the reality that there were two main issues in this case (race and religion), and Plaintiff only prevailed on one. *See United Phosphorous Ltd. v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1233-34 (10th Cir. 2000) ("The district court can reduce the number of hours when the time records provided to the court are inadequate.").

**c. Plaintiff's Requested Hourly Rate Is Not Reasonable.**

The hourly rate Plaintiff applies to his calculation of the hours spent is likewise not reasonable. Plaintiff seeks fees based on an hourly rate of $225. But Plaintiff has done little to substantiate this rate, other than to cite to hourly rates approved in other cases.[1] *See United Phosphorous, Ltd. v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1234 (10th Cir. 2000) ("The party requesting the fees bears the burden of showing that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.") (internal quotation marks omitted).

Defendants submit that a rate of $180 would be more appropriate. The undersigned notes that Defendants paid an hourly rate of $180 in connection with this matter. And such a rate is consistent with the rates used by this Court recently when awarding attorneys' fees. *See Avendano v. Smith*, 2011 U.S. Dist. LEXIS 133474, 7 (D.N.M. 2011) ("Quesada's attorney[] filed an affidavit stating that his hourly rate for his attorney's fees was $180.00 per hour. The Court finds that this hourly rate is reasonable for federal court practice in the District of New Mexico) (internal citation omitted); *Copar Pumice Co. v. Morris*, 2012 U.S. Dist. Lexis 87098, 63-64 (D.N.M. 2012) (fees in the range of $150-$235 per hour were reasonable); *Mountain*

---

[1] Plaintiff refers to an affidavit of his counsel in his motion, but that affidavit was not attached as an exhibit to the motion.

*Highlands*, *LLC v. Hendricks,* 2010 U.S. Dist. Lexis 40408, 28 (D.N.M. 2010) (hourly rate of $170.00 to $210.00 per hour was reasonable).

### III. CONCLUSION

Plaintiff seeks to recover attorney's fees in excess of what he may recover under § 1988. Plaintiff may only recover attorneys' fees associated with his successful claim under § 1983, but requests fees associated with this case as a whole—without any reduction for fees associated with his unsuccessful Title VII claims. Plaintiff also asks the Court to apply an unreasonably high hourly rate. The Court should therefore deny Plaintiff's motion. In the alternative, the Court should allow Plaintiff to recover fees based on a reduced number of hours to approximate time spent on only the successful § 1983 claim, and should apply a lower hourly rate.

Respectfully submitted,

STELZNER, WINTER WARBURTON,
FLORES, SANCHEZ & DAWES, P.A.
Attorneys for Defendants
Post Office Box 528
Albuquerque, New Mexico 87103
Phone: (505) 938-7770
Email: jflores@stelznerlaw.com

*Electronically filed*

BY: */s/ Juan L. Flores*
      JUAN L. FLORES

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 28th day of January, 2013, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Santiago Juarez
Email: santiagojuarezlaw@gmail.com; ejuarez@santiagojuarezlaw.com; Santiago@santiagojuarezlaw.com

*/s/ Juan L. Flores*
Juan L. Flores

S:\TXTLIB\10421\Pleadings\response to motion for atty fees final.docx